PROCTOR, Director, Appellee,

v.

NJR PROPERTIES, L.L.C., et al., Appellants.

[Cite as *Proctor v. NJR Properties, L.L.C.*, 175 Ohio App.3d 378, 2008-Ohio-745.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2007–02–028.

Decided Feb. 25, 2008.

Marc Dann, Attorney General, and Jutta E. Martin, M.J. Nathaniel Fling, and Gregory S. Severance, Assistant Attorneys General, for appellee.

Katz, Teller, Brant & Hild, and James F. McCarthy III, for appellants, NJR Properties and Autoline, Inc.

---

WALSH, Judge.

{¶ 1} Defendant-appellant, NJR Properties, L.L.C. ("NJR"), appeals the judgment of the Warren County Court of Common Pleas granting NJR compensation for the appropriation of its property without considering its loss of right-in access from U.S. 22/State Route 3 ("S.R. 3") as evidence of damage to its residue.

{¶ 2} Plaintiff-appellee, Gordon Proctor, the Director of the Ohio Department of Transportation ("ODOT"), filed the appropriation proceeding, pursuant to R.C. 5519.01 and R.C. Chapter 163, against NJR and others to determine the amount of compensation for the taking of NJR's land for highway improvements. NJR owns a Meineke Car Care business on the corner of S.R. 3 and Crestview Drive. According to the complaint, ODOT is widening S.R. 3 in Warren County. As part of that improvement, ODOT is permanently taking 353 square feet of NJR's property along S.R. 3 and will extend the right-of-way line onto the property about 1.93 feet and remaining about the same across 73.84 feet of the S.R. 3 frontage, expanding on an angle to a maximum width of 16.29 feet at the S.R. 3/Crestview corner. ODOT also plans to temporarily take 700 feet for 24 months for grading purposes.

{¶ 3} Prior to trial, ODOT filed a motion in limine seeking the exclusion of all evidence that NJR is entitled to compensation for damage to the residue resulting from the closure of its access from S.R. 3. ODOT argued that the closing of the right-in access is not part of the appropriation and that although the closing of access coincides with the taking, it is not a result of it. NJR argued that sealing off the access is a result of the taking and that it is entitled to present the evidence as to the damage to the value of the residue. The trial court found that it "does not have the jurisdiction to determine whether an appropriation of the access to [NJR's] business constitutes part of the take, and therefore the Court is limited to reviewing what ODOT sought in its Appropriation Petition," and the court granted ODOT's motion.

{¶ 4} At trial, ODOT renewed its motion in limine, and the trial court reaffirmed its decision to exclude the evidence. NJR presented the prospective evidence in the form of affidavits and exhibits, to which ODOT objected. NJR then proffered the evidence to preserve the error on appeal. The state then proffered evidence in response to NJR's proffer. At some point in this process,

the trial court asked NJR whether it objected to the state's proffer of evidence, and NJR responded, "No, I'm not objecting to the evidence.  * * * I think it is relevant * * * to the issue of damage to the residue."  The trial court replied, "Damage to the residue is not an issue in this trial.  How many times do I have to tell you that?  It's not an issue in this trial."  The trial court later reiterated that fact near the end of the trial.

{¶ 5} In its judgment entry, the trial court stated the following:

{¶ 6} "This matter came before the Court to determine the compensation and damage to the residue from the appropriation of certain property.  The Court has previously issued its Decision and Entry Granting Plaintiff's Motion in Limine.  Given that ruling, [ODOT and NJR] have agreed upon the amount of compensation due for the purchase in fee simple of [NJR's] property.

{¶ 7} " * * *

{¶ 8} "[NJR] does acknowledge and agree that the sum of $9449.00 is the amount of compensation due for the taking in fee simple of the property as described herein.  [NJR] do not [sic], however, agree or acknowledge that it is not owed damage to the residue and do not [sic] release any claims for further compensation for damage to the residue of [NJR's] property as a result of the taking in fee simple * * * and construction of the improvements for that take."

{¶ 9} From that entry, NJR timely appealed, asserting two interrelated assignments of error:

{¶ 10} Assignment of Error No. 1:

{¶ 11} "The trial court erred in excluding evidence of damage to the residue of condemnees' property."

{¶ 12} Assignment of Error No. 2:

{¶ 13} "The trial court erred in concluding that the court lacked jurisdiction to hear evidence of damage to the residue in a partial take of condemnees' property."

{¶ 14} Decisions regarding the admission of evidence are within the sound discretion of the trial court and may not be reversed absent an abuse of discretion.  *O'Brien v. Angley* (1980), 63 Ohio St.2d 159, 163, 17 O.O.3d 98, 407 N.E.2d 490.  An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 15} In a partial takings case, the owner is entitled to receive compensation not only for the property taken, but also for any damage to the

residue as a result of the take. *Proctor v. French Hardware,* Fayette App. Nos. CA2002–06–010, CA2002–06–019, CA2002–06–021, CA2002–06–022, and CA2002–06–023, 2003-Ohio-4244, 2003 WL 21904848, citing *Norwood v. Forest Converting Co.* (1984), 16 Ohio App.3d 411, 415, 16 OBR 481, 476 N.E.2d 695. See also *Englewood v. Wagoner* (1987), 41 Ohio App.3d 324, 326, 535 N.E.2d 736. Damage to the residue is measured by the difference between the fair market values of the remaining property before and after the taking. *Englewood.* See also *Hurst v. Starr* (1992), 79 Ohio App.3d 757, 763, 607 N.E.2d 1155. When determining the fair market value of the remaining property before and after the taking, those factors that would enter into a prudent businessperson's determination of value are relevant. *Norwood* at 415, 16 OBR 481, 476 N.E.2d 695. Factors may include loss of ingress and egress, diminution in the productive capacity or income of the remainder area, and any other losses reasonably attributable to the taking. *Proctor v. Thieken,* Lawrence App. No. 03CA33, 2004-Ohio-7281, 2004 WL 3090252, at ¶ 24. See also *French Hardware* at ¶ 12 (finding that access to the residue as well as any other item that may decrease the value of the residue may be considered in determining damages to the residue).

{¶ 16} The law makes clear that property owners in a partial takings case can recover compensation for any damage to the residue resulting from the appropriation. See *Englewood,* 41 Ohio App.3d at 326, 535 N.E.2d 736 (stating that property owner can recover "compensation for any damage to the landowner's remaining property [the residue] as a result of the take"). Therefore, if a partial taking affects the property owner's access to the remainder of the property, that factor can be considered in determining damage to the residue. (Citation omitted.) *Thieken* at ¶ 25.

{¶ 17} NJR argues that the loss of the S.R. 3 right-in access is a result of the ODOT's partial take in this case and that NJR should be allowed to present evidence of this as damage to its residue. ODOT, however, argues that the closing of the right-in access is not part of the appropriation and merely coincides with the taking. In support of its contention, ODOT argues that the complaint specifically provides that the description excludes "the right of ingress and egress to and from [S.R. 3] and Crestview Drive."

{¶ 18} In an appropriation action filed by ODOT, a trial court does not have subject matter jurisdiction to determine whether there had been an additional taking beyond that described in the complaint for appropriation. See *Thieken,* 2004-Ohio-7281, 2004 WL 3090252. A trial court's jurisdiction is limited to a determination of the compensation and damages for the appropriation described in the complaint. *Id.* at ¶ 1. Mandamus is the appropriate action to compel public authorities to institute appropriation proceedings where the owner contends that an involuntary taking of private property is involved. *Thieken* at

¶ 17;  see also *State ex rel. Preschool Dev., Ltd. v. Springboro,* 99 Ohio St.3d 347, 2003-Ohio-3999, 792 N.E.2d 721.

{¶ 19} In *Thieken,* a Fourth District case, ODOT appealed the jury verdict awarding the defendant compensation and damages in a land-appropriation action.  The defendant owned land used for a gas station on the corner of State Route 7 and State Route 775.  ODOT filed a complaint to appropriate 0.002 acres at the corner of the defendant's property and a temporary easement in the property along Route 7.  ODOT planned to install six-inch curbs and gutters along Route 7 and "round off" the corner between Route 7 and 775.  The curbs were not to be located on the defendant's property, but they were going to affect access to the property.  After a series of pretrial motions, the trial court in *Thieken* ruled that the denial of access was an issue of damage to the residue that the jury could consider when determining the compensation due to the defendant.

{¶ 20} On appeal, ODOT argued that the trial court erred in allowing the jury to determine whether a taking of the defendant's access occurred.  In its decision, the Fourth District first determined that a trial court does not have jurisdiction to determine whether a taking of access occurred beyond the take described in the complaint.

{¶ 21} The court then addressed the defendant's argument that the limitation of access was a factor to be considered when determining damage to the residue of his property, not a take outside the complaint.  The Fourth District acknowledged that the limitation of access can be considered when determining damage to the residue when it results from the appropriation, stating, "[I]f a partial taking affects the property owner's access to the remainder of the property, that factor can be considered in determining damage to the residue."  Id. at 25.  The court then determined that (a) the defendant offered no evidence establishing that the takings listed in the complaint affected his access to the remainder of the property, as ODOT was only placing curbs in the right of way that it already owned, and (b) that the trial court, in giving its jury instructions on damage to the residue, essentially treated the loss of access as a potential taking and asked the jury to determine whether such taking occurred.  Therefore, the Fourth District held that the trial court erred in considering the loss of access as evidence of damage to the residue and that the defendant should file a mandamus action if he believed that ODOT appropriated his easement of access without instituting appropriation proceedings.

{¶ 22} In the case at bar, NJR did present evidence from ODOT's appraisers and pretrial statement, which shows that this appropriation will result in NJR's loss of access to S.R. 3, including the following:

{¶ 23} In an appraisal report dated December 10, 2004, ODOT's appraiser, Stephen Ewan, described the appropriation, the consequences of the appropriation, and the construction of the improvements as follows:

{¶ 24} "The new curbing attributable to this public Project will result in the subject's right-in access located along Montgomery road being permanently closed.

{¶ 25} " * * *

{¶ 26} "Based on construction plans the area formerly occupied by the right-in access in the before will be saw cut, removed and replaced by grass within the Residue.

{¶ 27} " * * *

{¶ 28} "In the before, the subject contains two access points including a right-in only access along Montgomery Road and a full movement access along Crestview Drive. * * * In the after the subject entry will be reduced to a single access point along Crestview Drive."

{¶ 29} In an appraisal report prepared for ODOT on April 19, 2006, ODOT's appraiser, Marl L. Middleton, states the following:

{¶ 30} "Impact of the Take on the Residue:

{¶ 31} "The proposed taking will eliminate the access point onto the subject from Montgomery Road.

{¶ 32} " * * *

{¶ 33} "Effect of the Taking:

{¶ 34} "The subject will lose its access point at the Montgomery Road frontage. This point is just north of the corner with Crestview."

{¶ 35} Also, ODOT's identified traffic expert, Michael Hamilton, testified to the following in his deposition:

{¶ 36} "Q. [ODOT] is closing the access at 3900 Montgomery Road; is that correct?

{¶ 37} "A. The right-in only driveway, yes."

{¶ 38} Finally, in ODOT's pretrial statement filed with the trial court on April 28, 2006, counsel for ODOT described the appropriation, the size of the take resulting from the road improvements, and stated, "Due to traffic and safety concerns the right-in-only access point from U.S. 22/3 will be closed."

{¶ 39} Accordingly, the facts in this case are distinguishable from those in *Thieken,* as ODOT is extending its right of way onto the portion of NJR's land subject to the take in this case, and NJR did present evidence that such a take

would result in its loss of right-in access from S.R. 3. Therefore, we find NJR's assignments of error well taken and reverse and remand the case to allow NJR to present all evidence for a determination of damage to the residue, including evidence regarding its loss of access to S.R. 3.

Judgment reversed
and cause remanded.

YOUNG, P.J., concurs.

BRESSLER, J., dissents without written opinion.