[Cite as *State v. Carr*, 2012-Ohio-1850.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   24438 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2005-CR-3133 |
| v. | : | |
| | : | |
| JAMES C. CARR, JR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of April, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

SCOTT N. BLAUVELT, Atty. Reg. #0068177, 246 High Street, Hamilton, Ohio 45011
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant James C. Carr, Jr., appeals from a re-sentencing

entry filed on January 13, 2011, which specified the manner of his conviction in one entry, and which imposed terms of post-release control with respect to various offenses of which he was convicted.

{¶ 2}   Carr contends that the trial court erred by not affording him a right of allocution at his re-sentencing hearing.   We conclude that any error in this regard was necessarily harmless, since the trial court had no discretion in the matter, but was mandated by R.C. 2967.28 to impose the terms of post-release control that it imposed.   Accordingly, the judgment of the trial court is Affirmed.

## I.   Course of Proceedings

{¶ 3}   After a jury trial, Carr was convicted of two counts of Kidnapping, in violation of R.C. 2905.01(A)(2), felonies of the first degree; one count of Aggravated Robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree; two counts of Aggravated Murder, in violation of R.C. 2903.01(B), unclassified felonies; two counts of Attempted Aggravated Murder, in violation of R.C. 2903.01(B) and 2923.02, felonies of the first degree; and one count of Having Weapons While Under a Disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree.   All of the counts of which Carr was convicted, except for Having Weapons While Under a Disability, also included three-year firearm specifications.

{¶ 4}   In January, 2008, Carr was sentenced to life imprisonment with parole eligibility after 25 years for each of the Aggravated Murders, ten years imprisonment for each of the Attempted Aggravated Murders, five years imprisonment for each of the other felony

convictions, and three years imprisonment for the firearm specifications. The two five-year sentences for Kidnapping were to be served consecutively to each other and consecutively to the other sentences; the two ten-year sentences for Attempted Aggravated Murder were to be served concurrently to each other, and consecutively to the other sentences; the remaining four felony sentences, for Aggravated Murder, Aggravated Robbery, and Having Weapons While Under a Disability, were to be served concurrently to each other, and consecutively to the other sentences; the three-year sentences for the firearm specifications were merged into a single three-year sentence, to be served consecutively to, and prior to, the definite term of imprisonment. The aggregate sentence was stated to be for 48 years to life, with parole eligibility after 48 years.

{¶ 5} Carr appealed from his conviction and sentence. We affirmed. *State v. Carr,* 2d Dist. Montgomery No. 22603, 2009-Ohio-1942. Carr's attempt to appeal that decision to the Supreme Court of Ohio was not successful.

{¶ 6} In December, 2010, Carr moved for re-sentencing, based upon his claim that the original sentencing entry did not specify the manner of his conviction, as required by Crim. R. 32(C). The trial court held a re-sentencing hearing on January 11, 2011. The trial court, sua sponte, found that it had failed to provide for post-release control in the original judgment entry.

{¶ 7} As to the specification of the manner of conviction, the trial court concluded that multiple entries adequately indicated the manner of conviction, but agreed to specify the manner of conviction in a single re-sentencing entry that it would issue following the hearing. The trial court then addressed the post-release control issue:

[THE COURT:] The second issue is on the post-release control. Mr. Lachman, did you wish to be heard on that issue?

MR. LACHMAN [representing Carr]: Nothing further, Your Honor. I think the case law is pretty clear, that is given the date of the rec- -- of the sentence here and recent Supreme Court decisions, that this Court, on that issue alone without waiving the issue of whether or not the initial sentencing entry was proper or not, I would agree that the state of the case lies that this Court can re-sentence him on the PRC issue alone.

THE COURT: And I believe that that is *State v. Fisher*, which the Supreme Court just decided December the 23rd, 2010, just several weeks ago. That the Court only needs to address the PRC advice either in court or in the sentencing entry.

Mr. Carr, this will not affect your out-of-prison date. You are still getting credit for all the time that you served. All of the sentences that the Court issued are going to be the same because I do not get to address them as my understanding under *State v. Fischer*.

Any additional information I need to be aware of before that re-sentencing on PRC?

MR. LACHMAN: No, Your Honor.

THE COURT: On behalf of the State?

MR. FRENCH: No, Your Honor.

{¶ 8}    The Court then imposed the same sentences as before, but included the imposition of mandatory five-year terms of post-release control for the first-degree felonies, and for the third-degree felony, told Carr that "you may be on post-release control for up to three years, depending upon the determination of the Parole Board."

{¶ 9}    From his re-sentencing, Carr appeals.

**II. If the Trial Court Erred by Failing to Afford Carr the Right of Allocution,**

**the Error Was Necessarily Harmless**

{¶ 10}  Carr's sole assignment of error is as follows:

{¶ 11}  "THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO COMPLY WITH CRIM. R. 32(A) BEFORE IMPOSING POST-RELEASE CONTROL."

{¶ 12}  In support of this assignment of error, Carr argues that: "At a hearing to properly impose post-release control, pursuant to R.C. 2929.191, as a part of a defendant's sentence, a trial court must afford the defendant an opportunity for allocution as guaranteed by Crim. R. 32(A)."  That rule provides, in pertinent part, as follows:

> Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:

> (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

{¶ 13}  It is not clear from the record whether the trial court afforded Carr the right to make a statement personally at the re-sentencing hearing.  The court inquired generally whether there was any additional information it needed to be aware of before re-sentencing on the post-release control issue, and defense counsel responded.  If we assume that the trial court failed to address Carr personally and ask him if he wished to make a statement, we

conclude that its failure to do so was necessarily harmless in this case.

**{¶ 14}** The scope of a re-sentencing hearing to provide for post-release control that was omitted from the original sentence is limited to the imposition of post-release control. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 29. Therefore, nothing Carr might have said could have affected the balance of his sentence, which the trial court had no power to modify.

**{¶ 15}** Furthermore, the trial court had no discretion to exercise with respect to the imposition of post-release control. For each of the first-degree felonies, the trial court was required, by R.C. 2967.28(B)(1) to impose a term of post-release control of five years. For the third-degree felony, the trial court was required by R.C. 2967.28(B)(3) to impose a term of post-release control of three years.

**{¶ 16}** The trial court or the parole board does have discretion to determine the nature of the post-release control sanctions to be imposed, but that discretion is exercised prior to the prisoner's release, not at the time of sentencing. R.C. 2967.28(D)(1).

**{¶ 17}** Because the trial court had no choice but to impose the terms of post-release control that it did, in fact, impose, there is no possibility that Carr, no matter how eloquently he might have exercised his right to address the trial court, could have influenced the trial court to have taken any other action besides the action that it took. Therefore, even if we assume that the trial court failed to have afforded Carr his right to address the trial court before the imposition of the terms of post-release control, that error was necessarily harmless.

**{¶ 18}** Carr's sole assignment of error is overruled.

### III. Conclusion

{¶ 19} Carr's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

{¶ 20} . . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Scott N. Blauvelt
Hon. Dennis J. Adkins