[Cite as *Toledo v. Mehanny*, 2016-Ohio-2867.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                    Court of Appeals No. L-15-1141

     Appellee                                        Trial Court No. CRB-15-03100

v.

Sherif Ahmed Mehanny                            **DECISION AND JUDGMENT**

     Appellant                                       Decided:  May 6, 2016

* * * * *

Timothy Young, Ohio Public Defender, and Nikki Trautman
Baszynski, Assistant State Public Defender, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Sherif Mehanny, appeals from a decision of the Toledo

Municipal Court convicting him of domestic violence, in violation of R.C. 2919.25(A).

For the reasons that follow, we affirm in part and reverse in part.

{¶ 2} A bench trial commenced on March 24, 2015.  Amber Widger testified that

she has resided with appellant in a Toledo apartment since October 2014.  She testified

that on March 3, 2015, appellant began the day in a bad mood. He got angry at her for drinking some milk and he kicked her child's toy across the floor before leaving for work. He returned to the apartment in the early evening and again began arguing with Widger. He took a tray of food into the bedroom and sat in the middle of the floor. Widger testified she asked him to move out of her way so she could retrieve her clothes for work. Appellant refused. Widger then took the tray of food and sat it outside of the door. When appellant went out to get the food, Widger shut the door behind him. Appellant forced the door open hitting her in the arm. He began yelling and cursing at her. Widger called the police as appellant attempted to take her phone away, scratching her arm. Before the police arrived, appellant backhanded her in the face.

{¶ 3} The state introduced three pictures into evidence showing Widger's scratches and bruises.

{¶ 4} Appellant testified he did not hit Widger with the door. He testified that he told her to change her clothes in another room because he was eating. Widger asked him to leave the room and he refused. She then took his tray of food and placed it outside of the door. Appellant testified that he retrieved the food and then attempted to open the door that Widger had shut. He tried to get back into the room but Widger would not allow him in. Widger told him she was calling the police and that he was going to jail. He denied ever scratching or hitting Widger that day.

2.

**{¶ 5}** Appellant was found guilty and sentenced to serve six months in jail with five of those months suspended. Appellant now appeals setting forth the following assignments of error:

I. The court erred when it failed to comply with the mandates of Criminal Rules 5 and 10. Crim. R. 5; Crim.R. 10; arraignment Tr. 1-7.

II. The city deprived Mr. Mehanny of his right to a fair trial by commenting on his credibility during closing argument. Fifth and Fourteenth Amendments to the U.S. Constitution; Article 1, Sections 10 and 16, Ohio Constitution; Trial Tr. 10, 26-31.

III. Trial counsel was ineffective. Sixth Amendment to the U.S. Constitution; Article I, Section 10, Ohio Constitution: Strickland v. Washington, 466 U.S. 668, 702, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Trial Tr. 10-11, 17, 21, 24, 28-31.

IV. The court erred by failing to exclude and then relying upon irrelevant statements in its determination of guilt. Evid. R. 401; State v. Morris, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153: Trial Tr. 23-24.

V. The court erred in sentencing Mr. Mehanny. R.C. 2929.22; R.C. 2929.24; Criminal Rule 32(A); Arraignment Tr. 7; Trial Tr. 30-31.

**{¶ 6}** In his first assignment of error, appellant contends he was not properly arraigned pursuant to Crim.R. 5 and 10. Crim.R. 5(A) states:

(A) Procedure Upon Initial Appearance.  When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or the accused's counsel to read the complaint or a copy thereof, and shall inform the defendant:

(1) Of the nature of the charge against the defendant;

(2) That the defendant has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost if the defendant is unable to employ counsel;

(3) That the defendant need make no statement and any statement made may be used against the defendant;

(4) Of the right to a preliminary hearing in a felony case, when the defendant's initial appearance is not pursuant to indictment;

(5) Of the right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases.

{¶ 7} Crim.R. 10(A) states:

Arraignment Procedure.  Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to the defendant the substance of the charge, and calling on the defendant to plead thereto.  The defendant may in open court waive the reading of the indictment, information, or complaint.  The

defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.

{¶ 8} "A challenge regarding improper arraignment is waived if the defendant fails to object to the defect prior to appeal." *State v. Cruea*, 2d Dist. Miami No. 2012 CA 2, 2012-Ohio-5209, ¶ 12, citing *State v. Boone*, 9th Dist. Summit No. 26104, 2012-Ohio-3142; *See Garland v. Washington*, 232 U.S. 642, 646, 32 S.Ct. 456, 58 L.Ed.2d 772 (1914) ("A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review."); *King v. United States*, 25 F.2d 242, 243  (6th Cir.1928) ("[E]ven though the defendant had not been formally arraigned, or had not pleaded to the indictment, his proceeding to trial without raising this objection would imply a waiver, or at least the formal defect would not be prejudicial."). *See State v. Palmer*, 2d Dist. Montgomery No. 26279, 2014-Ohio-5266.  *See also Hamilton v. Brown*, 1 Ohio App.3d 165, 440 N.E.2d 554 (5th Dist.1981).

{¶ 9} The transcript reflects that the trial court did not "formally" arraign appellant pursuant to Crim.R. 5 and 10.  The trial court did engage in a lengthy discussion with appellant and his counsel regarding the temporary protection order that was in place as a result of the charges.  In that appellant registered no objection and instead chose to

5.

proceed to trial, we find he waived his right to challenge the arraignment proceedings. Appellant's first assignment of error is found not well-taken.

{¶ 10} In his second assignment of error, appellant contends that the city deprived him of a fair trial by commenting on his credibility during closing argument. Appellant did not object. Therefore, we shall review this assignment of error for plain error. Any purported misconduct is deemed waived unless it constitutes plain error. Crim.R. 52(B).

{¶ 11} The pertinent portion of the prosecutor's closing argument is as follows:

> [t]he testimony that you're hearing from the defendant is not believable * * * He is testifying from a position where he's blaming everything else on somebody else where he's not taking any responsibility for anything, including his own life. * * * [t]hat makes him not believable on any certain terms.

{¶ 12} "The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant." *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). A prosecutor is afforded a certain degree of latitude in his or her closing remarks, and may prosecute with earnestness and vigor, striking hard blows. *Id*. at 13-14. In so doing, a prosecutor may comment freely on "what the evidence has shown and what inferences can be drawn therefrom." *State v. Richey*, 64 Ohio St.3d 353, 362, 595 N.E.2d 915 (1992). Plain error does not exist unless, but for the effort, the trial's outcome would have been different. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

6.

{¶ 13} We have reviewed the prosecutor's closing argument with close attention to each of the comments about which appellant complains. Only two witnesses testified. Appellant's story differed from that of his girlfriend. The prosecutor, in his closing, was merely interpreting the evidence and drawing reasonable inferences. We cannot see prejudicial impact on appellant's substantial rights from the prosecutor's remarks, singly or collectively. Appellant's second assignment of error is found not well-taken.

{¶ 14} In his third assignment of error, appellant contends his counsel was ineffective in failing to object to the prosecutor's closing argument. Having found, in appellant's second assignment of error, that he suffered no prejudice from the prosecutor's closing argument, appellant's third assignment of error is not well-taken as prejudice is a necessary element in an ineffective assistance of counsel argument. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 15} In his fourth assignment of error, appellant contends that the court erred in admitting irrelevant evidence. Specifically, appellant testified that he went into a bedroom to eat because the living room was too unorganized. On cross-examination, the prosecutor asked appellant:

So you said the room is too unorganized to eat in, correct?

Appellant: Uh-huh.

Prosecutor: You could clean it yourself, right?

Appellant: Actually the majority of –

Prosecutor: You are capable of cleaning the room?

7.

{¶ 16} Appellant's counsel objected on the basis of relevancy. The trial judge overruled the objection citing the fact that appellant had brought up the issue on direct examination.

{¶ 17} Decisions regarding the admission of evidence are within the sound discretion of the trial court and may not be reversed absent an abuse of discretion. *Proctor v. NJR Properties, L.L.C.*, 175 Ohio App.3d 378, 2008-Ohio-745, 887 N.E.2d 376, ¶ 14 (12th Dist.), citing *O'Brien v. Angley*, 63 Ohio St.2d 159, 163, 407 N.E.2d 490 (1980). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 18} We fail to see how testimony regarding the condition of the room could have prejudiced appellant given the fact that appellant was charged with domestic violence and the court heard testimony from the victim that appellant assaulted her. To the extent the court erred, if at all, in allowing the prosecutor to question appellant about the room, we find appellant's assignment of error not well-taken pursuant to the doctrine of "invited error," which prohibits a party who induces error in the trial court from taking advantage of such error on appeal. *State v. Jackson*, 8th Dist. Cuyahoga No. 86105, 2006-Ohio-174, ¶ 81, quoting *State v. Woodruff*, 10 Ohio App.3d 326, 327 (2d Dist.1983).

{¶ 19} In his final assignment of error, appellant contends that the court erred in failing to provide him with the opportunity for allocution at sentencing.

8.

**{¶ 20}** A defendant's right of allocation is described in Crim.R. 32. The rule provides that, at the time of imposing sentence, the trial court shall "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1).

**{¶ 21}** R.C. 2929.19, which governs the trial court's duty in a sentencing hearing, also requires the court to "ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender." R.C. 2929.19(A)(1).

**{¶ 22}** Ohio law provides an absolute right of allocution. *State v. Green*, 90 Ohio St.3d 352, 358, 738 N.E.2d 1208 (2000). "The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Reynolds*, 80 Ohio St.3d 670, 684, 697 N.E.2d 1358 (1998). The remedy for a violation of one's right of allocution is to vacate the sentence, remand for resentencing, and provide the defendant an opportunity to speak prior to the resentencing. *State v. Cook*, 8th Dist. Cuyahoga No. 85186, 2005-Ohio-4010, ¶ 6-7.

**{¶ 23}** The transcript shows that neither appellate counsel nor appellant were offered an opportunity to speak regarding sentencing. As such, appellant's fifth assignment of error is found well-taken.

9.

**{¶ 24}** On consideration whereof, the judgment of the Toledo Municipal Court is affirmed in part and reversed in part. We affirm appellant's conviction for domestic violence but vacate the sentence and remand the cause to the trial court for resentencing. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24

Judgment affirmed in part
and reversed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____

                                                             JUDGE

Arlene Singer, J.     

Stephen A. Yarbrough, J.      _____
CONCUR.                                                         JUDGE

_____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.