[Cite as *State v. Everson*, 2018-Ohio-323.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Sylvania          Court of Appeals No. L-17-1138

    Appellee                        Trial Court No. TRC1604498

v.

Claire L. Everson                       **DECISION AND JUDGMENT**

    Appellant                       Decided:  January 26, 2018

* * * * *

Christy L. Cole, Sylvania Chief Prosecutor, for appellee.

Karin L. Coble, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Claire Everson, appeals the April 28, 2017 judgment of the Sylvania Municipal Court sentencing her for a misdemeanor conviction of having physical control of a vehicle while under the influence.  For the following reasons, we affirm.

## I. Background and Facts

**{¶ 2}** After a September 4, 2016 traffic stop, Everson was arrested and charged with operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor, and a driving in marked lanes violation in violation of R.C. 4511.33, a minor misdemeanor. On September 8, 2016, Everson's trial counsel filed a waiver of arraignment and entered a written plea of not guilty on her behalf. On November 7, 2016, apparently at a pretrial, Everson signed a document titled "ADVICE OF RIGHTS TO DEFENDANTS" that describes a defendant's constitutional rights, the types of plea a defendant can enter, and the consequences of each type of plea. There is no indication in the record that Everson received the form in open court or was informed of her rights by the judge or in open court.

**{¶ 3}** On February 2, 2017, Everson entered a guilty plea to the amended charge of having physical control of a vehicle while under the influence in violation of R.C. 4511.194,[1] a first-degree misdemeanor. At the plea hearing, Everson's attorney entered a plea of guilty on her behalf and stipulated to a factual basis for a finding of guilty. The court did not address Everson during the hearing, and Everson did not speak during the hearing. The trial court found her guilty of the physical control violation and dismissed the marked lanes violation.

---

[1] The record does not indicate the subsection of R.C. 4511.194 to which Everson pleaded guilty.

2.

**{¶ 4}** The trial court sentenced Everson on April 28, 2017. The sentencing order indicates that the court imposed a sentence of "75 days 65 days suspended 5 years probation sentence suspended on condition(s): [sic]" that Everson commit no other alcohol- or drug-related offenses for five years; complete alcohol, drug, and psychological counseling; and take any prescribed medication. The court also imposed a 12-month license suspension beginning on September 4, 2016, and ordered a fine of $750, with $200 suspended "on completion of DUI program." Of the 10 days of actual incarceration the court ordered, the court required Everson to serve six days in a DUI program and four days in jail.

**{¶ 5}** At the beginning of the sentencing hearing, the trial court asked "Anything you would like to say?" after which Everson's attorney began speaking. He spoke at length about mitigating facts the court should consider in fashioning its sentence, including Everson's active engagement in mental health treatment, her completion of an alcohol and drug abuse assessment, her status as an honorably-discharged veteran, her past employment as a nurse, the fact that her impaired driving likely resulted from an interaction with a prescription medication Everson no longer takes, and her status as a mother. The court did not personally address Everson or ask if she wanted to speak on her own behalf before sentencing her. The court addressed Everson only twice, both times after it imposed the sentence: once while attempting to schedule Everson's days in jail and once at the conclusion of the hearing when the judge asked Everson if she had any questions.

3.

**{¶ 6}** Everson now appeals, raising three assignments of error:

Assignment of Error I: Appellant's guilty plea was involuntary and unknowing when the trial court failed to inform appellant of the effect of her plea in violation of Crim.R. 11(E).

Assignment of Error II: The trial court violated Crim.R. 32(A) by failing to afford appellant the right of allocution.

Assignment of Error III: The trial court erred when it failed to notify appellant at the sentencing hearing of the consequences of violating community control.

## II. Law and Analysis

### A. Everson Entered her Plea Knowingly and Voluntarily

**{¶ 7}** In her first assignment of error, Everson contends that her guilty plea was not knowing and voluntary because the trial court failed to advise her of the effect of her guilty plea, as required by Crim.R. 11(E). We disagree.

**{¶ 8}** Initially, we note that Everson was charged with and convicted of a violation of a traffic ordinance, so the Ohio Traffic Rules (rather than the Ohio Rules of Criminal Procedure) apply to her case. *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 10; Traf.R. 2(A) (defining a "traffic case" as "any proceeding, other than a proceeding resulting from a felony indictment, that involves one or more violations of a law, ordinance, or regulation governing the operation and use of vehicles * * *"). Thus, the appropriate rule governing Everson's plea is Traf.R. 10, not Crim.R. 11. *Watkins* at

¶ 10. Traffic Rule 10(D) and Crim.R. 11(E), however, are "identical in all relevant respects." *Watkins* at ¶ 15. Accordingly, cases analyzing a court's duties under Crim.R. 11(E) can also be applied to cases analyzing Traf.R. 10(D). *See id.*; and *see State v. Sting*, 6th Dist. Wood No. WD-11-022, 2012-Ohio-3113.

{¶ 9} Under Traf.R. 10(D), when the defendant pleads guilty to a petty misdemeanor traffic offense—which is any offense that is punishable by confinement for six months or less—the court cannot accept a plea of guilty "without first informing the defendant of the effect of the plea * * *." Traf.R. 2(D). The trial court complies with Traf.R. 10(D) by informing the defendant of the applicable information in Traf.R. 10(B). *Watkins* at ¶ 28; and *see State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus. The trial court must therefore inform the defendant that "[t]he plea of guilty is a complete admission of the defendant's guilt." Traf.R. 10(B)(1).

{¶ 10} Traffic Rule 10(D) specifically allows the court to present this information "by general orientation or pronouncement," and does not require the court to address the defendant personally. *Compare* Traf.R. 10(D) (stating that for misdemeanor cases involving petty offenses, the court cannot accept a plea of guilty or no contest "without first informing the defendant of the effect of the plea * * *") *with* Traf.R. 10(C) (stating that for misdemeanor cases involving serious offenses, the court cannot accept a plea of guilty or no contest "without first addressing the defendant personally and informing the defendant of the effect of the pleas * * *"). Moreover, information regarding the effect of

5.

a plea does not necessarily have to be presented at the plea hearing. *Jones* at ¶ 20, fn. 3 (recognizing that while Crim.R. 11(E), which addresses misdemeanor cases involving petty offenses, requires the trial court to inform the defendant of the effect of a plea before accepting a guilty or no-contest plea, the rule does not require that "this information be necessarily given at the same hearing."). And, like petty misdemeanor offenses under Crim.R. 11(E), information regarding the effect of a plea to a petty misdemeanor traffic offense under Traf.R. 10(D) may be provided in written form. *Jones* at ¶ 51 (noting that a court must provide the required information on the effect of a plea either "orally or in writing.").

{¶ 11} Here, the trial court gave Everson a written form entitled "ADVICE OF RIGHTS TO DEFENDANTS" that included the information required by Traf.R. 10(B)(1), i.e.: "A PLEA OF GUILTY IS A COMPLETE ADMISSION OF YOUR GUILT." Everson signed this form at a pretrial hearing on November 7, 2016, which was after she retained counsel. The trial court, however, did not provide Everson with any information regarding the effect of a guilty plea, either orally or in writing, during the plea hearing on February 2, 2017.

{¶ 12} We find that the trial court complied with Traf.R. 10(D) by providing a written form to Everson, either at or before the pretrial hearing on November 7, 2016, that included the language required by Traf.R. 10(B)(1) regarding the effect of a guilty plea. We reach this conclusion because knowing the effect of a plea is not a

6.

constitutional right[2] and, as discussed above, (1) information regarding the effect of a plea may be provided in writing, (2) the information may be provided "by general orientation or pronouncement," (3) the court was not required to personally address the defendant, and (4) the court was not required to provide this information at the plea hearing itself.

{¶ 13} Accordingly, Everson's first assignment of error is not well-taken.

## B.  The Trial Court's Violation of Everson's Right of Allocution was Harmless

{¶ 14} In her second assignment of error, Everson contends that the trial court erred when it did not afford her the opportunity to speak before she was sentenced. Although we agree that the trial court erred by failing to provide Everson an opportunity to speak before she was sentenced, we find that the error was harmless.

{¶ 15} When the court accepts a guilty plea under Traf.R. 10, it is required to sentence the defendant in accordance with Crim.R. 32.  Traf.R. 10(B)(3).  Under Crim.R. 32(A)(1), at the time of sentencing, the court shall "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."  A defendant has an absolute right of allocution because "[a] Crim.R. 32 inquiry is much more than an empty ritual:  it represents a defendant's last

---

[2] Indeed, "there are no * * * constitutionally mandated informational requirements for defendants charged with misdemeanors," including misdemeanor traffic offenses. *Watkins* at ¶ 28.

7.

opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 358, 359-360, 738 N.E.2d 1208 (2000).

{¶ 16} The trial court has an affirmative duty under Crim.R. 32(A)(1) to directly, personally, and clearly ask the defendant if she wishes to exercise her right of allocution. *State v. Campbell*, 90 Ohio St.3d 320, 324, 738 N.E.2d 1178 (2000); *Green* at 359, quoting *Green v. United States*, 365 U.S. 301, 305, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) ("'Trial judges before sentencing should * * * unambiguously address themselves to the defendant. * * * Judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.'"); *State v. Harvey*, 3d Dist. Allen No. 1-09-48, 2010-Ohio-1627, ¶ 15 ("The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence.").

{¶ 17} A trial court's failure to comply with Crim.R. 32(A)(1) is not always a prejudicial error, however; remand for resentencing is not required if the error is invited or harmless. *Campbell* at 326. Invited error is an error that a party invited or induced the court to make. *Davis v. Wolfe*, 92 Ohio St.3d 549, 552, 751 N.E.2d 1051 (2001). There is no evidence that Everson or her counsel invited the error in this case.

{¶ 18} Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights * * *." Crim.R. 52(A). Although there are no bright-line rules for determining whether a violation of Crim.R. 32(A)(1) is harmless, some Ohio courts have found harmless error when counsel speaks, even if the defendant is not given

8.

the opportunity to do so, and the defendant receives a minimal sentence or a statutorily-mandated sentence. *State v. Carr*, 2d Dist. Montgomery No. 24438, 2012-Ohio-1850 (at resentencing, defendant's attorney spoke and the judge was statutorily required to impose postrelease control); *State v. Woods*, 8th Dist. Cuyahoga No. 96487, 2011-Ohio-5825 (at resentencing, defendant appeared before judge who originally sentenced him and heard his original allocution and postrelease control was statutorily required); *State v. Reed*, 10th Dist. Franklin No. 09AP-1164, 2010-Ohio-5819 (defendant received the minimum sentence with no fine or costs and the court imposed mandatory postrelease control, so "[a]ny allocution by appellant could have had no positive effect on the results of the proceeding."); *State v. Bailey*, 6th Dist. Ottawa No. OT-97-046, 1998 Ohio App LEXIS 4239 (Sep. 11, 1998) (counsel spoke at length on defendant's behalf and the court had a presentence investigation report that outlined mitigating factors); *compare, e.g., State v. Mehanny*, 6th Dist. Lucas No. L-15-1141, 2016-Ohio-2867 (error was prejudicial when neither defendant nor his counsel was offered the opportunity to speak before the court imposed the sentence); *State v. Jackson*, 1st Dist. Hamilton No. C-140384, 2015-Ohio-2171 (error was prejudicial when the court denied defendant's two requests to speak at sentencing, counsel was not allowed to speak, and defendant received the maximum sentence). Essentially, the less likely it is that the defendant's allocution would have affected the outcome of the case, the more likely the courts are to find that a Crim.R. 32(A)(1) violation was harmless.

9.

{¶ 19} At Everson's sentencing hearing, like at the plea hearing, the trial court did not directly address Everson. The trial court did, however, ask "Anything you would like to say?" before counsel began speaking. Although this does not constitute a direct and personal inquiry of Everson as required by Crim.R. 32(A)(1), we nonetheless find that the trial court's error was harmless.

{¶ 20} Everson's trial counsel spoke at length about mitigating facts the court should consider before sentencing Everson, including: Everson had already completed a substance abuse assessment and was found to not have substance abuse issues; she was actively engaged in counseling for her mental health issues; she is a veteran who was honorably discharged; her impaired driving was likely caused by the interaction of alcohol with a prescription Everson had since stopped taking; she is a mother; and she had held part-time jobs as a nurse despite frequent moves to accommodate her husband's military career. Additionally, the court had a presentence investigation report that outlined the circumstances of Everson's offense and several mitigating factors.

{¶ 21} Further, the court gave Everson a fairly lenient sentence. The maximum sentence for a violation of R.C. 4511.194 is 180 days incarceration, a $1,000 fine, and a 12-month license suspension. Everson was sentenced to 10 actual days of incarceration, an actual fine of $550, and a 12-month license suspension with only seven months remaining as of the sentencing date. Based on these facts, we conclude that the trial court's failure to allow Everson the opportunity for allocution did not prejudice her. Accordingly, her second assignment of error is not well-taken.

10.

## C.  The Court Properly Imposed Community Control

**{¶ 22}** In her final assignment of error, Everson contends that the trial court erred when it imposed community control sanctions without notifying her of the consequences of violating the terms of her community control.  We disagree.

**{¶ 23}** An appellate court reviews misdemeanor sentences for an abuse of discretion.  *State v. Ostrander*, 6th Dist. Fulton No. F-10-011, 2011-Ohio-3495, ¶ 28.  Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable.  *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996).

**{¶ 24}** A sentencing court has discretion when sentencing an offender for a misdemeanor, other than a minor misdemeanor, to impose community control sanctions under R.C. 2929.25.  The statute gives the court two options for imposing community control sanctions.  The court may (1) "[d]irectly impose a sentence that consists of one or more community control sanctions * * *," or (2) impose a jail term, suspend all or part of the jail term, and place the defendant under community control sanctions.  R.C. 2929.25(A)(1)(a), (b).  When the court opts to directly impose community control, it must also inform the defendant that it has the ability to impose additional punishment if the defendant violates the terms of her community control.  R.C. 2929.25(A)(3).  Specifically, R.C. 2929.25(A)(3) states that

> if a court *directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a)* or (B) [giving

11.

the court discretion to modify community control sanctions] of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may * * * [impose listed punishments]. (Emphasis added.)

{¶ 25} Notably, R.C. 2929.25(A)(3) does not require the court to inform the defendant of the consequences of violating community control if the court imposes community control after suspending a jail sentence. As the Second District Court of Appeals explained,

This is logical, because if the court has already chosen the alternative in R.C. 2929.25(A)(1)(b) of imposing a definite term and suspending all or part of the term, the court would not need to impose a definite term if the offender violates the community control sanctions—a definite term has already been imposed. As a sanction for the violation, the court could simply require the offender to serve all or part of the definite term that had been suspended. *State v. Drake*, 2d Dist. Montgomery No. 21939, 2007-Ohio-6586, ¶ 22.

{¶ 26} Here, the court sentenced Everson to 75 days in jail, suspended 65 days of the jail term, and placed Everson under community control sanctions. Thus, the court opted to sentence Everson under R.C. 2929.25(A)(1)(b), not (A)(1)(a), and it was not required to inform her of the consequences in R.C. 2929.25(A)(3). We find, therefore,

12.

that the trial court did not abuse its discretion in sentencing Everson and her third assignment of error is not well-taken.

## III. Conclusion

{¶ 27} For the foregoing reasons, the April 28, 2017 judgment of the Sylvania Municipal Court is affirmed. Everson is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE