JUDGES: Hon. Carol Ann Robb, Hon. Gene Donofrio, Hon. Cheryl L. Waite
OPINION
ROBB, P.J.
{¶ 1} Defendant-Appellant Joseph Masson appeals his conviction in the Youngstown Municipal Court. He alleges the court deprived him of his allocution right, failed to ensure the plea agreement was read into the record, and sentenced him too harshly without considering the misdemeanor sentencing factors. For the following reasons, the trial court's judgment is affirmed.
STATEMENT OF THE CASE
{¶ 2} On February 3, 2016, Appellant was arrested for operating a vehicle while under the influence of alcohol (OVI) in violation of R.C. 4511.19(A)(1)(a). He was also charged with the offense of using weapons while intoxicated in violation of R.C. 2923.15(A), which entails using or carrying a firearm while under the influence of alcohol or any drug of abuse. Both offenses were first-degree misdemeanors. Appellant entered into a written plea agreement whereby he agreed to plead no contest to the charges in each case and the state agreed to recommend three days in jail (or a driving intervention program), a fine of $375, and a six-month license suspension on the OVI charge and forfeiture of the gun on the charge of using weapons while intoxicated.
{¶ 3} Upon Appellant's no contest plea, the prosecutor provided an explanation of circumstances: police received a call reporting Appellant fell out of his van into the street and was not able to get up; police found Appellant in the vehicle, which was running; Appellant put the vehicle into gear before the vehicle was shut off; police were not able to conduct field sobriety testing due to Appellant's high level of intoxication; and a weapon was recovered. (Tr. 5).
{¶ 4} In the OVI case, the court sentenced Appellant to 90 days in jail and five years of intensive probation. The court imposed a fine of $1,000 and a three-year license suspension (with ignition interlock and restricted plates for driving privileges). For the offense of using weapons while intoxicated, the court imposed five years of intensive probation, a $100 fine, and forfeiture of the gun. Appellant filed a timely notice of appeal from the April 18, 2016 sentencing entries.
ASSIGNMENT OF ERROR ONE: ALLOCUTION
{¶ 5} Appellant sets forth three assignments of error, the first of which contends:
"THE COURT ERRED WHEN IT DENIED THE DEFENDANT HIS ABSOLUTE RIGHT OF ALLOCUTION."
{¶ 6} Appellant argues while the court directly addressed him prior to sentencing, the court was not addressing him for the purposes of allocution and mitigation as required by Crim.R. 32. In Appellant's statement of the facts, he suggests the *1229 court addressed him merely to accuse and demean him, rather than to obtain additional information.
{¶ 7} Crim.R. 32(A)(1) instructs: "At the time of imposing sentence, the court shall * * * Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The genesis of this rule is the common law right of allocution. See, e.g., Green v. United States , 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). This inquiry "is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." State v. Green , 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). "There is no exception to the defendant's right to allocution in misdemeanor cases." State v. Price , 7th Dist. No. 14 MA 28, 2015-Ohio-1199, 2015 WL 1419593, ¶ 32, citing State v. Wallace , 7th Dist. No. 12 MA 180, 2013-Ohio-2871, 2013 WL 3368417, ¶ 8.
{¶ 8} The trial court has the affirmative obligation to personally ask the defendant if he wishes to exercise his allocution right. See Green , 90 Ohio St.3d at 359, 738 N.E.2d 1208 ; State v. Campbell , 90 Ohio St.3d 320, 324-325, 738 N.E.2d 1178 (2000). See also Green , 365 U.S. at 305, 81 S.Ct. 653 ("Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."). As a result, the right is not waived by a mere lack of objection by the defense. Campbell , 90 Ohio St.3d at 324, 738 N.E.2d 1178.
{¶ 9} However, the right to allocution can be waived by failure to respond after the court invites the defendant to speak. Id. at 325, 738 N.E.2d 1178 (noting there was no evidence the defendant knew he had the right to personally address the court prior to sentencing). Additionally, a violation of Crim.R. 32(A)(1) is subject to an analysis under the doctrine of harmless error and the doctrine of invited error. Id. at 324-326, 738 N.E.2d 1178. As to harmless error, "a trial court's failure to address the defendant at sentencing is not prejudicial in every case." Id. at 325, 738 N.E.2d 1178 (but declining to find harmless error in a capital case because the court never heard the defendant make a personal appeal for his life), citing State v. Reynolds , 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998) (finding the omission to be harmless error in a capital case because the defendant made an unsworn statement to the jury and sent a letter to the judge and defense counsel made a statement to the judge on the defendant's behalf).
{¶ 10} When inviting a defendant to personally address the court, the exact language employed by the rule is not required; however, the invitation to speak should not be ambiguous. State v. Roach , 7th Dist. No. 15 BE 0031, 2016-Ohio-4656, 2016 WL 3522563, ¶ 11 (citing examples from other cases). Even if a court interrupts a defendant's allocution, his right is not necessarily violated, especially if he is permitted to speak after the interruption and there is no indication he had additional information to impart. Id. at ¶ 16 (and finding it did not appear the court interrupted the defendant but rather it appeared the defendant trailed off; also noting a trial transcript is not like a script for a play with stage directions). As aforementioned, the information conveyed to the court by defense counsel is pertinent in evaluating harmless error. Id. at ¶ 17-19. See also Reynolds , 80 Ohio St.3d at 684, 687 N.E.2d 1358.
{¶ 11} Here, the court conducted a plea colloquy with Appellant. (Tr. 2-5). The court listened to the explanation of circumstances, *1230 found Appellant guilty, and asked for his criminal history. (Tr. 5-6). The prosecutor advised the court Appellant had no criminal history except prior OVI convictions, pointing out none occurred in the past 14 years. (Tr. 6). The following dialogue then occurred between the court and Appellant:
THE COURT: Sir, you have been driving impaired since 1980. Shame on you.
THE DEFENDANT: Yes, Your Honor. Yes, it is shameful.
THE COURT: Well, your one, two, three, four-your six prior convictions obviously didn't get your attention. That's going to change. You're old enough to know better. What's the problem in calling a cab?
THE DEFENDANT: I'm very sorry, Your Honor. I don't know what I was thinking.
THE COURT: Sure you do. You have been doing it since 1980. What's the problem in calling a cab?
THE DEFENDANT: I didn't use better judgment.
THE COURT: What is the problem in calling a cab?
THE DEFENDANT: There is no problem.
THE COURT: Then why don't you do it?
THE DEFENDANT: I'm sorry, Your Honor.
THE COURT: You should be because right now you are looking at going to jail for a year.
THE DEFENDANT: Maybe-
THE COURT: Maybe that will get your attention.
THE DEFENDANT: I'm very sorry, Your Honor.
THE COURT: I would be too if I were you. With six prior convictions I would be scared as all get out if I were you.
THE DEFENDANT: I am. (Tr. 6-7).
{¶ 12} The court then indicated defense counsel could speak. Defense counsel related: Appellant's first OVI was in 1980; he had several OVI convictions during the 1980's and 1990's; he has a drinking problem; he quit drinking in 2002; he was sober for 14 years, but "he messed up"; he "readily acknowledges" this; he is not a gun person; he purchased the gun that day as a gift for his son; and there was no ammunition found. (Tr. 8). The court then addressed Appellant again as follows:
THE COURT: To get as plowed as you were to be falling out of a van scares me, absolutely scares me that you thought it was okay to be behind a wheel of a car when you probably couldn't even see five feet in front of you.
THE DEFENDANT: Yes, Your Honor.
THE COURT: But this is what you do. Well, you know what, you are not going to kill somebody on my watch. You're not going to do it.
THE DEFENDANT: I'm very sorry, Your Honor. (Tr. 9).[1]
{¶ 13} This court concludes the trial court addressed Appellant personally, encouraged him to speak, and prompted him to explain himself multiple times. Essentially, the court invited Appellant to make a statement on his own behalf. And, *1231 Appellant did personally address the court with regards to his behavior prior to sentencing. Although the court did not specifically ask Appellant if he wished to present information in mitigation of punishment, the invitation was apparent from the conversation that occurred between the court and Appellant. As aforementioned, the court is not required to utilize the exact language employed by the rule when inviting a defendant to exercise his allocution right. Roach , 7th Dist. No. 15 BE 0031, 2016 WL 3522563 at ¶ 11.
{¶ 14} In addition, the court afforded counsel the opportunity to speak on behalf of Appellant as required by Crim.R. 32.1. Counsel spoke on Appellant's behalf. It was emphasized that although Appellant had multiple prior OVI convictions, these were many years ago. Counsel disclosed Appellant had a drinking problem but achieved sobriety for a substantial period and then relapsed resulting in this incident. He claimed the gun was purchased as a gift and was not loaded.
{¶ 15} After counsel provided statements on Appellant's behalf, the court readdressed Appellant and permitted him to speak again prior to sentencing. As the prosecution points out, Appellant did speak, and there was no indication he had more to say. In any event, Appellant was not prejudiced under the totality of the circumstances in this case. Consequently, this assignment of error is overruled.
ASSIGNMENT OF ERROR TWO: PLEA AGREEMENT
{¶ 16} Appellant's second assignment of error provides:
"THE YOUNGSTOWN CITY PROSECUTOR FAILED TO IDENTIFY THE RULE 11 PLEA AGREEMENT AND REASONS FOR THE AGREEMENT. THE COURT ERRED WHEN IT FAILED TO INQUIRE OF THE STATE OR CONSIDER THE RULE 11 AGREEMENT AND BASIS OF THE SAME."
{¶ 17} Appellant argues the case must be remanded for resentencing because the contents of the plea agreement were not read into the record. He notes a plea agreement is contractual in nature. He states he was entitled to a discussion of the agreement and to the court's consideration of the agreement. As stated in the written plea agreement, Appellant acknowledges the trial court was not bound by the state's sentencing recommendations. See, e.g., State v. Underwood , 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28 (trial court may reject a plea agreement and is not even bound by a jointly-recommended sentence).
{¶ 18} The prosecution responds the trial court followed the pertinent provisions in Crim.R. 11 and Appellant cited no law in support of his assertion the misdemeanor plea agreement must be read into the record. Crim.R. 11(F) specifies: "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court." There is no comparable rule for misdemeanor cases.[2]
*1232 {¶ 19} The prosecution also points to the evidence in the record showing the court reviewed and thus considered the plea agreement. As the case was called, counsel said the parties came to an agreement under Criminal Rule 11 which had been tendered to the court. (Tr. 2). The record shows the court had the plea agreements in its possession at that time. The court provided the degree of the offenses and explained the maximum sentences. The court then asked: "These plea forms say that you are pleading no contest to the two charges that I just reviewed with you. Did you sign these?" (Tr. 3). The prosecution notes each plea agreement was one page (front and back) and Appellant's signature referred to by the court was on the back of each along with the prosecutor's sentencing recommendations. The plea agreements were time-stamped and filed in the case.
{¶ 20} Appellant is attempting to argue, in part, the prosecutor breached the plea agreement by failing to voice the sentencing recommendation contained in the written plea agreement. For instance, the state failed to orally announce it recommended a three-day jail sentence (or a driving intervention program) for OVI. (Notably, the prosecution did not agree in the written plea agreement to recommend Appellant be free from probation after his sentence; probation was merely not a subject of the recommendation.)
{¶ 21} Where the state breaches a significant term in a plea agreement, the defendant can seek vacation of the plea or specific performance of the agreement (upon remand for resentencing where the state would perform by providing its recommendation). State v. Hansen , 7th Dist. No. 11 MA 63, 2012-Ohio-4574, 2012 WL 4555071, ¶ 14, citing Santobello v. New York , 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). However, if a defendant fails to object to the state's failure to abide by its agreement as to sentencing recommendations, he forfeits the alleged error. See Hansen , 7th Dist. No. 11 MA 63, 2012 WL 4555071 at ¶ 15, citing Puckett v. United States , 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).
{¶ 22} Upon the defendant's failure to object at sentencing, the reviewing court can conduct only a plain error review. Id. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). An appellate court's invocation of plain error requires the existence of an obvious error which affected the outcome of the proceedings. State v. Rogers , 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Murphy , 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001). Recognition of plain error is discretionary with the reviewing court; it is not mandatory. Rogers , 143 Ohio St.3d 385, 38 N.E.3d 860 at ¶ 22-23.
{¶ 23} In this context, we ask whether the sentence would have been different absent the alleged breach. Hansen , 7th Dist. No. 11 MA 63, 2012 WL 4555071 at ¶ 15, 18 (finding no plain error). In Puckett , the government did not follow the agreed recommendation of a sentence reduction, but plain error was not recognized partly due to the sentencing court's observation that a reduced sentence for accepting *1233 responsibility would be "rare" under the circumstances of the case. Puckett , 556 U.S. at 142-143, 129 S.Ct. 1423. In Adams , we recognized plain error and remanded for resentencing before a different judge where "[t]he state went from agreeing to stand silent and make no sentencing recommendation to insisting that a maximum sentence of eight years was required in order to protect the victim and the public and provided facts in support of its new recommendation." State v. Adams , 7th Dist. No. 13 MA 54, 2014-Ohio-724, 8 N.E.3d 984, ¶ 30 (finding the breach was not "minor or technical"). In doing so, we distinguished the situation where the prosecutor urges the court to impose a greater sentence than she agreed to recommend from a case where the prosecutor merely failed to voice her recommendation at sentencing. See id. at ¶ 26, 29. We also distinguished Adams from a case where the trial court makes statements at sentencing that dispel a reviewing court's concerns that the prosecutor's recommendation could have made a difference. See id. at ¶ 32-33.
{¶ 24} Here, we have the state failing to orally express its sentencing recommendation of three days in jail, a $375 fine, and a six-month license suspension on the OVI and its recommendation of gun forfeiture on the weapons charge. In other words, we do not have the state asking the court to impose a higher sentence than was recommended in the written plea agreement. This is a misdemeanor case, and the record shows the court was given the plea agreements which contained the state's recommendations. It is clear the court was holding and reviewing the plea agreements as it spoke.
{¶ 25} In addition, we have comments by the trial court showing it would not ignore Appellant's six prior OVI convictions and voicing Appellant was lucky he was not being sentenced to six months on the OVI (or a year if he received maximum, consecutive sentences). Lastly, the prosecutor explained to the court how Appellant's last OVI conviction was in 2002, i.e., it was not recent. Defense counsel focused on the fact that 14 years had passed since the last conviction, did not mention the recommended sentence, and did not object to the failure of the prosecutor to verbally recommend the sentence set forth in the written plea agreement.
{¶ 26} This court concludes the situation presented in this case does not require the recognition of plain error as there is no indication the trial court would have sentenced Appellant differently had the state read into the record the recommendation which the trial court was holding during sentencing. Furthermore, this case does not appear to present exceptional circumstances or indications of a manifest miscarriage of justice, which must also exist before a court chooses to exercise its discretion to recognize plain error. This assignment of error is overruled.
ASSIGNMENT OF ERROR THREE: SENTENCE
{¶ 27} Appellant's final assignment of error contends:
"THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO THE MINIMUM OVI SENTENCE PURSUANT TO R.C. 4511.19."
{¶ 28} Appellant argues the trial court failed to consider the misdemeanor sentencing criteria in R.C. 2929.21 and R.C. 2929.22 when sentencing him for the OVI offense. He acknowledges the court was not required to place its consideration of the misdemeanor sentencing factors on the record and recognizes there is a presumption the court considered the factors when the record is silent, citing State v. Crable , 7th Dist. No. 04 BE 17, 2004-Ohio-6812, 2004 WL 2913280, ¶ 24. Appellant claims *1234 there is affirmative evidence on the record demonstrating the court did not consider the factors. He points out it had been 14 years since his last OVI conviction and relies on arguments made in the prior two assignments of error, including his characterization of the court's statements as demeaning. Appellant concludes the trial court abused its discretion in sentencing him to more than the mandatory minimum for the OVI conviction. He notes there was no statutory mandate to impose a greater sentence due to his prior OVI convictions. See, e.g., R.C. 4511.19(G)(1)(b)-(e).
{¶ 29} The mandatory minimum sentence for the OVI in this case was three days in jail (which could be suspended upon community control and a driver's intervention program or imposed in addition to the intervention program). R.C. 4511.19(G)(1)(a)(i). For a misdemeanor of the first degree, the maximum sentence was 180 days. R.C. 2929.24(A)(1). See also R.C. 4511.19(G)(1) (citing Chapter 2929). The maximum term of community control is five years. R.C. 2929.25(A)(2). See also R.C. 4511.19(G)(1)(a)(i) (court may impose any conditions of community control considered necessary). The offense carried a minimum fine of $375 and a maximum fine of $1,075. R.C. 4511.19(G)(1)(a)(iii). The minimum license suspension was six months up to a maximum of three years. R.C. 4511.19(G)(1)(a)(iv), citing R.C. 4510.02(A)(5).
{¶ 30} The two overriding purposes of misdemeanor sentencing are to punish the offender and to protect the public from future crime by the offender and others. R.C. 2929.21(A). "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." Id. See also R.C. 2929.21(B) (the sentence shall be reasonably calculated to achieve the two overriding purposes, commensurate with and not demeaning to the seriousness of the conduct and its impact on the victim and consistent with sentences imposed on similar offenders for similar offenses).
{¶ 31} R.C. 2929.22(A) provides a court imposing sentence for a misdemeanor with "discretion to determine the most effective way to achieve the purposes and principles of sentencing" provided in R.C. 2929.21. Unless a specific sentence is required, a court that imposes a sentence upon an offender for a misdemeanor may impose any sanction or combination of sanctions under R.C. 2929.24 through 2929.28. R.C. 2929.22(A). Pursuant to R.C. 2929.22(B)(1), the court shall consider all of the following factors in determining the appropriate sentence for a misdemeanor:
(a) The nature and circumstances of the offense or offenses;
(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to *1235 the offense or made the impact of the offense more serious;
(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;
(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;
(g) The offender's military service record.
The court may consider any other relevant factor as well. R.C. 2929.22(B)(2).
{¶ 32} A misdemeanor sentence is reviewed for an abuse of discretion. State v. Burley , 7th Dist. No. 16 MA 0076, 2017-Ohio-378, 2017 WL 445075, ¶ 11, citing State v. Nuby , 7th Dist. No. 16 MA 0036, 2016-Ohio-8157, 2016 WL 7292033, ¶ 10. See also R.C. 2929.22(A) (providing the sentencing court with discretion to determine the most effective way to achieve the purposes and principles of sentencing). An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. State v. Adams , 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). A decision is unreasonable if it is unsupportable by any sound reasoning process. See AAAA Ents., Inc. v. River Place Community Urban Redev. Corp. , 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990) (analysis of abuse of discretion typically involves a determination of whether a decision was unreasonable).
{¶ 33} To summarize this court's recitation in Burley of the law on misdemeanor sentence findings: a trial court must consider the criteria in R.C. 2929.22 and the principles in R.C. 2929.21 before imposing a misdemeanor sentence; a court sentencing for a misdemeanor is not required to state on the record its consideration of the sentencing factors; the reviewing court is to presume the trial judge made the requisite considerations absent an affirmative showing to the contrary; a silent record creates a rebuttable presumption that the sentencing court considered the statutory misdemeanor sentencing criteria; the defendant has the burden of rebutting the presumption; the defendant may be able to utilize the court's statements at sentencing to rebut the presumption; and the defendant's argument the court disregarded the sentencing factors can be overruled if there is no affirmative showing in the sentencing transcript or entry that the trial court did not consider the relevant misdemeanor sentencing factors. Burley , 7th Dist. No. 16 MA 76, 2017 WL 445075 at ¶ 14-17.
{¶ 34} Various statements made by the trial court, which Appellant believes were demeaning, show the court considered certain factors. For instance, the court twice said Appellant, who was 56 years old at the time, was "old enough to know better." (Tr. 6, 11). The court observed, "your six prior convictions obviously didn't get your attention" and "you have been driving impaired since 1980. Shame on you." (Tr. 6). Additionally, the court pointed out Appellant was so "plowed" he was "falling out of a van" and noted this "absolutely scares me * * *." The court concluded, "you are not going to kill somebody on my watch" and opined Appellant needed to go to jail for a while to "dry out." (Tr. 9). It was reiterated: "You have a history of engaging in this behavior, and yet you're still doing it. You're not going to kill somebody." (Tr. 11). After imposing 90 days in jail, the court advised Appellant he *1236 was "lucky" he did not receive the maximum sentence of six months. (Tr. 10). We also refer to the aforequoted portions of transcript in the prior assignments of error.
{¶ 35} The court's concern with protecting the public was evident as was the desire to change Appellant's behavior, monitor him via intensive supervision, and punish him. See R.C. 2929.21(A). It is clear the court considered the nature and circumstances of the offense under R.C. 2929.22(B)(1)(a). The court also considered the factor of whether Appellant's circumstances and the circumstances of the offense indicate a history of persistent behavior regarding the offense of OVI and whether Appellant's character and condition reveal a substantial risk he will commit another offense. See R.C. 2929.22(B)(1)(b). In addition, the court's statements encompass the factor asking whether the circumstances indicate Appellant's history, character, and condition reveal a substantial risk he will be a danger to others and his conduct shows a pattern of repetitive or compulsive behavior with heedless indifference to the consequences. See R.C. 2929.22(B)(1)(c). See also R.C. 2929.22(B)(1)(e) (likelihood of committing future crimes in general, in addition to the circumstances described in other divisions).
{¶ 36} The trial court was permitted to consider other factors as well. R.C. 2929.22(B)(2). We note the offense occurred at 1:58 p.m. This was Appellant's seventh OVI. Although his first was in 1980 and his last prior OVI was in 2002, it was justifiable to be concerned Appellant was re-engaging in this behavior due to the current offense. It was noted Appellant remained sober for 14 years but recently lost this state of sobriety. Finally, the court did not impose a maximum jail sentence but chose a mid-range jail sentence apparently in recognition of the length of time since the prior offenses. The record does not affirmatively show the court failed to consider the purposes and principles of sentencing or the misdemeanor sentencing factors. In fact, the record evinces the opposite. This assignment of error is overruled.
Donofrio, J., concurs.
Waite, J., concurs.

The court then began sentencing Appellant. After imposing the three-year license suspension and 90 days in jail, the court stopped and observed Appellant looked surprised. Appellant responded, "I'm not." The court said he should consider himself lucky the sentence was not six months, and Appellant responded, "Yes, Your Honor." The court then imposed five years of probation and a fine of $1,000 for the OVI and the sentence for the weapons charge.

Even when the rule applies, "all of the terms of a negotiated plea agreement need not be presented in open court on the record." State v. Straight , 7th Dist. No. 96-CO-87, 1998 WL 886951 (Dec. 7, 1998) (the rule does not involve punishment negotiation). Moreover, "a contemporaneous objection is necessary to preserve error for appellate review of a violation of Crim.R. 11(F)"; a defendant who fails to timely object "cannot prevail on his claim under Crim.R. 11(F) unless he shows plain error" which requires him to show the outcome clearly would have been otherwise State v. Bethel , 110 Ohio St.3d 416, 854 N.E.2d 150, 2006-Ohio-4853, ¶ 89-90 (where plea occurred in chambers as opposed to open court).