[Cite as *State v. Yates*, 2019-Ohio-3129.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                        Court of Appeals No. OT-18-036

      Appellee                                   Trial Court No. CRB 1800883A

v.

Thomas K. Yates                              **DECISION AND JUDGMENT**

      Appellant                                  Decided:  August 2, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

Danielle C. Kulik, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Thomas K. Yates, appeals the October 12, 2018

judgment of the Ottawa County Municipal Court, convicting him of assault and

sentencing him to 180 days in the Ottawa County Detention Facility.  For the reasons that

follow, we reverse the trial court judgment and remand for resentencing.

## I. Background

{¶ 2} Thomas Yates was charged with felonious assault following a physical altercation with a security guard who ejected him from a pool bar on South Bass Island, commonly known as Put-In-Bay. He entered a plea of guilty and was convicted of misdemeanor assault, a violation of R.C. 2903.13. The trial court ordered a presentence investigation report ("PSI"), and continued the matter for sentencing on October 12, 2018.

{¶ 3} The trial court began the sentencing hearing by asking defense counsel if either he or his client wished to make a statement. Counsel started to explain Yates's version of the events giving rise to his conviction. He said that Yates was at the pool bar during the island's annual Christmas in July celebration, and a "conversation" with a female patron turned into a confrontation. A security guard asked Yates to leave, but his personal belongings—wallet, sunglasses, phone, etc.—remained on the table where he was sitting. Yates went back in to retrieve his belongings and the security guard grabbed him from behind. A struggle ensued and Yates "incidentally grasped" the security guard's earring, tearing it from his ear.

{¶ 4} Counsel described Yates's attempt to go back in for his belongings as "a rational thing to do"—a characterization that the court strongly challenged. The court insisted that counsel speak to mitigating circumstances and not to matters that could be "put in the basket of a defense." Counsel then advised the court that after completing the

2.

PSI, Yates submitted to an "evaluation" at the recommendation of the probation department.

{¶ 5} The court demanded details about this evaluation, at which point Yates joined the dialogue. Yates was forced to admit that the "evaluation" was not an assessment by a psychiatrist or psychologist, but rather a test completed online at the recommendation of an unidentified person that he spoke with on a 1-800 anger-management hotline. The test produced results indicating an "overall anger score" of 14 on a scale of 0-100.

{¶ 6} The court responded with skepticism about the legitimacy of the test, and it questioned the quality and completeness of the information "plugged in" to the computer program by Yates. In particular, the court questioned whether Yates had disclosed that he had convictions for an assault on a peace officer in 2004, malicious destruction of property in 2007, domestic violence in 2008 and 2017, "dangerous drug" in 2009, and disorderly conduct in 2016. The court told Yates that the assessment was not "even worth the paper it's written on." Counsel insisted that Yates performed the assessment in an effort to please the court; it was clear, however, that the court was *not* pleased.

{¶ 7} The court told counsel: "Your client has a right to remain silent. You know this Court's policy as well as anyone. When they exercise it, that's it. But when they make statements then that right is waived." It then warned: "You really don't want to keep talking about this." It asked counsel a last time for mitigating circumstances, and counsel responded that Yates is a family man who fought for—and was awarded—

3.

custody of his children, he runs his own business, and the conduct leading to his conviction was not "standard behavior" for him—another characterization that the court strongly challenged. The court signaled the conclusion of the hearing by saying to counsel: "I assume nothing further?" Counsel—not Yates—responded that there was nothing further. The court imposed a 180-day jail sentence, a $100 fine, and court costs.

{¶ 8} Yates appealed and we stayed execution of his sentence. He now assigns the following errors for our review:

> 1. THE COURT ERRED IN NOT ALLOWING THE DEFENDANT THE RIGHT TO SPEAK AT SENTENCING.
>
> 2. THE COURT ERRED WHEN IT SENTENCED DEFENDANT TO MAXIMUM PENALTIES AGAINST THE FACTORS SET FORTH IN R.C. 2929.22.
>
> 3. THERE IS INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL IS PREVENTED FROM FULLY ASSISTING THE ACCUSED AT SENTENCING.
>
> 4. THE COURT ERRED IN SENTENCING THE DEFENDANT TO INCARCERATION CONTRARY TO THE PURPOSES OF MISDEMEANOR SENTENCING.
>
> 5. THE COURT ERRED IN SENTENCING THE DEFENDANT TO MAXIMUM PENALTIES WHEN HE DID NOT COMMIT THE WORST FORM OF THE OFFENSE.

4.

6. THERE IS INEFFECTIVE ASSISTANCE OF COUNSEL

WHEN COUNSEL DOES NOT PROVIDE THE DEFENDANT WITH

THE INFORMATION NECESSARY FOR SENTENCING.

## II. Law and Analysis

{¶ 9} In his first assignment of error, Yates argues that the trial court violated Crim.R. 32 when it denied him the right to speak at sentencing. He asks us to remand the matter so that he can be resentenced.

{¶ 10} Crim.R. 32(A)(1) provides, in pertinent part, as follows:

At the time of imposing sentence, the court shall * * * [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

{¶ 11} The provisions of Crim.R. 32(A)(1) are mandatory and apply both in felony and misdemeanor cases. *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000), paragraph two of the syllabus; *State v. Masson*, 2017-Ohio-7705, 96 N.E.3d 1225, ¶ 7 (7th Dist.). The rule obligates the trial court to affirmatively and personally ask the defendant if he wishes to exercise his allocution right. *Masson* at ¶ 8. The court need not use the exact language used in Crim.R. 32(A)(1), but in inviting the defendant to speak, the invitation should not be ambiguous. *Id.* at ¶ 10. Absent invited error or harmless error, resentencing is required if a trial court imposes a sentence without first asking the

5.

defendant whether he wishes to exercise the right of allocution. *Campbell* at paragraph three of the syllabus.

{¶ 12} "A Crim.R. 32(A) inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green,* 90 Ohio St.3d 352, 359-60, 738 N.E.2d 1208 (2000). It is not, however, an opportunity to make renewed challenges to a finding of guilt. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028. Accordingly, "a trial court does not err by limiting a defendant's presentence statement to those issues that bear upon the sentence and may have mitigative weight." *Id.*

{¶ 13} Here, the trial court addressed defense counsel and asked whether "either" he "or" his client wished to say anything. It is clear from the rule that *both* counsel *and* Yates were entitled to speak. The court listened to defense counsel's statement, and it engaged with Yates at length about the validity of the online anger-management assessment and the quality of the responses he provided in completing the assessment. But once counsel finished speaking on Yates's behalf, Yates, too, should have been invited to speak in mitigation. The trial court did not offer him this opportunity. We agree with Yates that this was error.

{¶ 14} The state argues that because defense counsel spoke on Yates's behalf and because the trial court engaged in the colloquy with Yates concerning the online anger-management assessment, any error in failing to allow Yates to speak was harmless.

6.

**{¶ 15}** Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights * * *." Crim.R. 52(A). Although there is no bright-line rule for determining whether a violation of Crim.R. 32(A)(1) is harmless, we have found harmless error where the court has permitted only counsel to speak *and* has imposed either a minimal sentence or a statutorily-mandated sentence. *See, e.g., State/City of Toledo v. Reese*, 2018-Ohio-2981, 112 N.E.3d 514, ¶ 39 (6th Dist.); *State v. Everson*, 6th Dist. Lucas No. L-17-1138, 2018-Ohio-323 (finding harmless error where defendant's attorney spoke and judge imposed "fairly lenient" sentence). In *Reese,* we found that the trial court erred by failing to inquire of the defendant; however, because defendant's attorney was permitted to speak *combined with* the fact that the court imposed a relatively lenient sentence—180 days in jail, 177 of which were suspended—we found the error to be harmless.

**{¶ 16}** Here, Yates's attorney was permitted to speak, but the trial court imposed the statutory maximum sentence—180 days in jail with zero days suspended. This was the longest jail term that the court was permitted to impose under R.C. 2929.24(A)(1) (allowing imposition of 180-day jail term for first-degree misdemeanor). As such, we cannot conclude that the trial court's error was harmless.

**{¶ 17}** Accordingly, we find Yates's first assignment of error well-taken. We reverse and remand this matter to the trial court for resentencing. In light of our resolution of Yates's first assignment of error, we need not address his remaining assignments of error.

7.

### III. Conclusion

**{¶ 18}** We conclude that the trial court erred in failing to give Yates an opportunity to speak in mitigation before it imposed his sentence, and this error was not harmless. We, therefore, find Yates's first assignment of error well-taken and decline to reach his remaining assignments of error. We reverse the October 12, 2018 judgment of the Ottawa County Municipal Court and remand for resentencing. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                       _____
                                                                    JUDGE

Christine E. Mayle, P.J.

                                                   _____
Gene A. Zmuda, J.                                                  JUDGE
CONCUR.

                                                   _____
                                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.