[Cite as *State v. Riley*, 2025-Ohio-2439.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| JEREMY RILEY, | : | Case No. 2024CA00114 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County
                                  Common Pleas Court, Case No.
                                  2023CR2584

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 July 8, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHRISTOPHER A. PIEKARSKI             DONALD K. POND
STARK COUNTY PROSECUTING             190 N. Union Street
  ATTORNEY'S OFFICE                  Suite 102
110 Central Plaza South, Suite 510   Akron, OH  44304
Canton, OH  44702-1413

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

{¶1} Appellant (Riley) was indicted on December 20, 2023, on one count of failure to comply with order or signal of a police officer, in violation of R.C.2921.331(B) and 2921.331(C)(5)(a)(ii), a felony of the third degree. A jury trial was held and Riley was found guilty on the sole charge contained in the indictment. The trial court held a sentencing hearing on June 18, 2024, and imposed a prison term of thirty-six months, plus a two-year period of discretionary post-release control. In addition, the trial court suspended Riley's driver's license for three years and ordered Appellant to pay court costs.

{¶2} Riley filed a timely appeal.

{¶3} Riley cites two assignments of error in his brief:

{¶4} "I. THE TRIAL COURT ERRED BY FAILING TO PROVIDE APPELLANT THE RIGHT OF ALLOCUTION PRIOR TO THE IMPOSITION OF SENTENCE, CONTRARY TO DUE PROCESS OF LAW, PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶5} "II. THE TRIAL COURT ISSUED AN INCORRECT SENTENCING ENTRY. THE ENTRY STATED THAT DEFENDANT-APPELLANT, JEREMY RILEY, PLED GUILTY. INSTEAD, A JURY RENDERED A GUILTY VERDICT AGAINST RILEY."

{¶6} Appellant's first assignment of error argues that the trial court violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution by failing to allow him to speak prior to the trial court imposing sentence.

{¶7} However, the Supreme Court of the United States has held that the failure of a trial court to address a defendant prior to sentencing is not a constitutional error. "The

failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional." *Hill v. United States,* 368 U.S. 424, 428 (1962).

{¶8}  A person's right to allocution is spelled out in Crim. R. 32(A)(1). "At the time of imposing sentence, the court shall afford counsel the opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶9}  The Supreme Court of Ohio has stated, "Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution. A Crim.R. 32 inquiry is much more than an empty ritual: it  represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 2000-Ohio-182, ¶ 9.

{¶10}  The purpose of allocution is to "[p]ermit the defendant to speak on his own behalf or present any information in mitigation of punishment." *Beasley*, ¶ 204, citing *State v. Cedeno*, 8th Dist. Cuyahoga Nos. 102327 and 102328, 2015-Ohio-54.

{¶11}  R.C. 2929.19(A) also speaks to a defendant's right to allocution prior to imposition of sentence. "The court shall … ask the offender whether the offender has anything to say as to why sentence should not be imposed …."

{¶12}  This Court has found that "The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence." *State v.*

*Gulley*, 2011-Ohio-3811, ¶ 29, citing *Defiance v. Cannon*, 70 Ohio App.3d 821 (3rd Dist. 1990).

**{¶13}** In the case at bar the following exchange took place at the onset of Appellant's sentencing hearing.

The Court: Good morning, Mr. Wise, Mr. Riley. We're here for the purposes of sentencing. Is there anything, sir, that you or your attorney wish to say prior to sentencing?

Counsel: Yes, Your Honor. There's a few things we'd like Your Honor to take under consideration …." *6/18/2024 Trial Transcript*, p. 3.

**{¶14}** Appellant argues in his brief that the court's inquiry permitted only Appellant or his counsel a chance to speak, not both. *Appellant Brief*, p. 11. Appellant incorrectly quotes the court in stating, "[w]hen the sentencing hearing started, the court asked for either Riley or his defense counsel, but not both, to speak." *Id*. However, as referenced above, the court directed its inquiry to Appellant when it asked, "Is there anything sir that you or your attorney wish to say prior to sentencing?" *Transcript*, p. 3. It is clear that the court directed its question to Appellant and there is nothing in the record to suggest that the court permitted only Appellant or his counsel to speak.

**{¶15}** This Court addressed this issue under a similar fact pattern in *Gulley*, ¶¶ 31-33. In *Gulley*, the following exchange took place:

The Court: Mr. Gulley, counsel, anything you wish to state prior to the Court imposing sentence in this matter?

Counsel: [N]ot today, Judge.

**{¶16}** This Court found in *Gulley, ¶ 34,* "While this exchange is short, it clearly indicates that the trial court provided both Appellant and his counsel the right to make a statement prior to the imposition of sentence."

**{¶17}** Here, as in *Gulley,* the exchange was brief, but the trial court clearly afforded both Appellant and his counsel the opportunity to make a statement.

**{¶18}** Appellant further argues that "The right of allocution belongs only to the defendant." *Appellant Brief*, p. 6. Appellant cites *State v. Matthews*, 2015-Ohio-5075 (1st Dist.) in support of his argument. *Matthews* stated, "[t]he right of allocution belongs to the defendant herself." *Matthews* goes on to say, "[i]t is not enough for the trial court to give defense counsel the opportunity to speak on the defendant's behalf." *Matthews, ¶* 13.

**{¶19}** In *Matthews*, the court did not address the defendant or ask if she wished to make a statement prior to the imposition of sentence. The trial court in *Matthews* only asked trial counsel if he wished to make a statement on his client's behalf. In this case, the trial court addressed Riley personally and asked if he wished to make a statement.

**{¶20}** Appellant also argues that the trial court erred because it did not give him "a last opportunity to speak prior to the imposition of sentence." *Appellant Brief*, p. 11. Appellant argues that after his counsel made a statement on his behalf and the prosecutor clarified Appellant's criminal history, the trial court failed because it did not provide him with an opportunity to speak in mitigation of sentence and/or his own criminal history. Appellant relies on *State v. Leeth,* 2006-Ohio-3575 (4th Dist.) in support of his argument.

**{¶21}** However, in *Leeth*, the defendant made a statement regarding the pending charges before the court found him guilty, but the court never gave him an opportunity to speak during sentencing.

{¶22} In the case sub judice, Appellant was found guilty during a jury trial. A separate sentencing hearing was held wherein Appellant was afforded the opportunity to make a statement.

{¶23} This Court finds that the trial court provided Appellant with his right to allocation and did not violate his rights under the United States Constitution or Ohio Constitution.

{¶24} Appellant's first assignment of error is overruled.

{¶25} Appellant's second assignment of error asks this Court to order the trial court to issue a nunc pro tunc entry to correct a clerical mistake in the sentencing entry.

{¶26} A jury found Appellant guilty for failure to comply with order or signal of a police officer in violation of R.C. 2921.331(B) and 2921.331(C)(5)(a)(ii) on June 12, 2024. The conviction was journalized on June 25, 2024, by Judgment Entry, Found Guilty by Jury and Sentence Deferred.

{¶27} The trial court's Judgment Entry, Prison Sentence Imposed, states, "[t]his day, June 18, 2024, came the defendant, Jeremy Scott Riley, in the custody of the Sheriff, accompanied by his counsel, Anthony Wise, Esq., having heretofore entered a plea of guilty…"

{¶28} This Court agrees with Appellant and finds that the trial court made a clerical error in its sentencing entry when it stated that defendant pled guilty when in fact the defendant was found guilty by a jury.

{¶29} Crim.R. 36 states, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

**{¶30}** Crim R.52(A) defines harmless error as, "[a]ny defect, irregularity, or variance which does not affect substantial rights shall be disregarded." We will conduct a harmless error analysis on whether the clerical error was harmless.

**{¶31}** A clerical error or mistake refers to "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State v. Miller*, 2010-Ohio-5705, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶ 19, quoting *State v. Brown*, 2000-Ohio-1660 (3rd Dist.).

**{¶32}** "[A] trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error." *Miller* at ¶ 14; In other words, the trial court has the authority to correct clerical errors in its own judgment entries.

**{¶33}** This Court has recently held in *State v. Holling*, 2025-Ohio-385 (5th Dist. 2025), ¶ 30, "[c]lerical errors do not involve a legal decision or judgment; as such, they are harmless and not for this court to reverse."

**{¶34}** Here, as in *Holling,* we find the trial court's statement that appellant pled guilty is harmless and a remand is not necessary.

**{¶35}** Appellant's second assignment of error is overruled.

## CONCLUSION

{¶36} The Judgment Entry, Prison Sentence Imposed, filed in the Court of Common Pleas of Stark County, Ohio, filed on June 25, 2024, is hereby affirmed.

By: Montgomery, J.

King, P.J. and

Gormley, J. concur.