[Cite as *State v. Walker*, 2025-Ohio-3049.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

Appellee

v.

Gary D. Walker

Appellant

Court of Appeals No. WD-24-068

Trial Court No. CRB-24-0817

**DECISION AND JUDGMENT**

Decided: August 26, 2025

* * * * *

W. Alex Smith, Esq., for appellant.

Paul A. Dobson, Esq., Prosecuting Attorney and
David T. Harold, Esq., Assistant Prosecutor, for appellee.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Gary D. Walker, appeals from a judgment of conviction entered by the Perrysburg Municipal Court following his plea of guilty to the offense of

attempted forgery. For the reasons that follow, the trial court's judgment is reversed and the matter is remanded for resentencing.

**Statement of the Case and the Facts**

{¶ 2} On September 12, 2024, Walker was charged in Perrysburg Municipal Court with felony forgery and misdemeanor obstructing official business. At the preliminary hearing, Walker pled guilty to attempted forgery, a misdemeanor of the first degree. In exchange, the State dismissed the felony forgery and obstructing official business charges. The trial court accepted the plea and went immediately to sentencing.

{¶ 3} Prior to imposing sentence, the trial court gave counsel for each of the parties an opportunity to speak. The State, first to address the court, requested a sentence of 45 days of local incarceration, explaining "this area has had a lot of issues with retail theft as well as forged documents being used in furtherance of those types of crimes," and "[i]n this case, we feel that local jail time would be appropriate in order to potentially curb this." When, next, the trial court turned its attention to defense counsel, the following exchange took place:

> [DEFENSE COUNSEL]: Your Honor, I'm going to ask the Court to consider imposing no jail time and give Mr. Walker credit for time served. He is on post release control. His parole officer is aware of this. They have violated him. So he is facing a nine month incarceration term at Lorain Correctional Facility.
>
> THE COURT: How long has he been in custody?
>
> [DEFENSE COUNSEL]: Eight days so far, Your Honor. And Mr. Walker has indicated that the parole board will not allow

him to begin that nine month term until he completes any sentence ordered in this case. So I would ask the Court to perhaps consider no jail time or a lesser sentence.

{¶ 4} The trial court, after hearing from counsel for both parties, imposed a sentence of 90 days in jail, with 60 days ordered suspended. In addition, the trial court ordered that Walker be placed active probation for a period of one year and, further, pay a fine of $150.

## Assignments of Error

{¶ 5} On appeal, Walker asserts the following assignment of error:

I.    The trial court erred by denying his right to allocution under Crim.R. 32(A)(1).

## Law and Analysis

{¶ 6} Walker argues in his sole assignment of error that the trial court's failure to allow him his right to allocution constitutes reversible error. We agree.

{¶ 7} Crim.R. 32(A)(1) provides, in pertinent part:

At the time of imposing sentence, the court shall…[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

{¶ 8} Regarding Crim.R. 32(A)(1), this court has stated the following:

The provisions of Crim.R. 32(A)(1) are mandatory and apply both in felony and misdemeanor cases. *State v. Campbell*, 90 Ohio St.3d 320 (2000), paragraph two of the syllabus; *State v. Masson*, 2017-Ohio-7705, ¶ 7 (7th Dist.). The rule obligates the trial court to affirmatively and personally ask the

3.

defendant if he wishes to exercise his allocution right. *Masson* at ¶ 8….

"'A Crim.R. 32(A) inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse.'" *State v. Green*, 90 Ohio St.3d 352, 359-60 (2000).

*State v. Yates*, 2019-Ohio-3129, ¶ 11-12 (6th Dist.). "A trial court's failure to comply with Crim.R. 32(A)(1) is not always a prejudicial error, however; remand for resentencing is not required if the error is…harmless." *State v. Reese*, 2018-Ohio-2981, ¶ 38.

{¶ 9} Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights…." Crim.R. 52(A). "Although there are no bright-line rules for determining whether a violation of Crim.R. 32(A)(1) is harmless, some Ohio courts – including this one – have found harmless error when counsel speaks, even if the defendant is not given the opportunity to do so, and the defendant receives a minimal sentence or a statutorily-mandated sentence….Essentially, the less likely it is that the defendant's allocution would have affected the outcome of the case, the more likely the courts are to find that a Crim.R. 32(A)(1) violation was harmless." *Reese* at ¶ 39.

{¶ 10} Here, the State concedes that the trial court did not afford Walker his right of allocution as provided for by Crim.R. 32(A) but argues that because Walker received a "fairly lenient sentence" from the trial court when he was sentenced to 30 days in jail with eight days of credit for time served, and because his counsel spoke on his behalf in

4.

mitigation before he was sentenced, the Court can find that the error in this case was harmless.

{¶ 11} In *State v. Everson,* 2018-Ohio-323, this court found the trial court's failure to allow the defendant the opportunity for allocution did not prejudice the defendant where: 1) her trial counsel "spoke at length about mitigating facts the court should consider before sentencing" her -- including that she had completed a substance abuse assessment and was found not to have substance abuse issues, she was engaged in counseling for mental health issues, she was an honorably discharged veteran, her driving was likely caused by the interaction of alcohol with a prescription medication that the she had since stopped taking, she was a mother, and she had held part-time jobs as a nurse despite frequent moves to accommodate her husband's military career -- and the court had a presentence investigation report that outlined the circumstances of the defendant's offense and several mitigating factors; and 2) the court gave the defendant a "fairly lenient sentence" of ten days incarceration, where the maximum sentence was 180 days incarceration, together with a fine of $550 and a 12-month license suspension with only seven months remaining as of the sentencing date. *Id.* at ¶ 20-21.

{¶ 12} In *State v. Reese*, this court found that the trial court's failure to allow the defendant the opportunity for allocution did not prejudice him where: 1) the defendant's trial counsel "explained the mitigating facts that the court should consider before sentencing [him]," including that he held a commercial driver's license, he was gainfully employed, and was a minister in his church; and 2) the court gave the defendant a "fairly

5.

lenient sentence" of the maximum jail term of 180 days, with all of the days suspended but a mandatory three days -- which the court ordered the defendant to serve in a driver's intervention program -- a fine of $850, and a 6-month license suspension that began the date of the offense and expired prior to the defendant's sentencing. *Id.* at ¶ 41-42.

{¶ 13} We find that the facts of the current case are more analogous to those set forth in *City of Akron v. Lewis*, 2022-Ohio-3468, where Lewis's defense counsel gave a more perfunctory and less persuasive statement in mitigation than attorneys in *Everson* and *Reese.* In *Lewis,* the Ninth District Court of Appeals declined to find that the denial of the defendant's right to allocution was harmless error where: 1) defense counsel asked the court to take into consideration when imposing sentence that the defendant had been on GPS monitoring for over 90 days; and 2) the court imposed what was "arguably" a "fairly lenient sentence" for a first-degree misdemeanor domestic violence conviction -- namely, 180 days incarceration with 178 days suspended and credit for two days served, contingent upon the defendant obeying all laws for one year, completing anger management and parenting classes, and reporting to probation until the classes were complete, together with a $150 fine. *Id.* at ¶ 34-36. The Ninth District found that "[i]f [the defendant] had been permitted the opportunity to allocate, the trial court may have imposed less of an initial jail term or no fine." As such, the Ninth District concluded that it could not say that it could be presumed that the defendant's opportunity for allocution would have made no difference in his sentence. *Id.* at ¶ 36.

6.

**{¶ 14}** Here, where trial counsel's statement in mitigation was brief and less than compelling -- inasmuch as it argued for leniency based on the fact that Walker was already facing a 9-month term of incarceration in another case and that the 9-month term could not begin until after any sentence in the current case was completed -- and where Walker was sentenced to serve 30 days of a 90-day sentence in jail, in addition to being ordered to pay a $150 fine, it is our opinion that had Walker been permitted the opportunity to allocate, the trial court may have imposed less of an initial, or actual, jail term, or may have imposed no fine. Thus, we cannot say it can be presumed that Walker's opportunity for allocution would have made no difference in his sentence. Therefore, the sentencing judgment must be vacated, and the matter remanded for sentencing. Accordingly, Walker's sole assignment of error is found well-taken.

### Conclusion

**{¶ 15}** The judgment of the Perrysburg Municipal Court, Wood County, Ohio, is reversed and the matter is remanded to the trial court for resentencing. Appellee is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR
_____
JUDGE

Thomas J. Osowik, J.
DISSENTS AND WRITES
SEPARATELY

**OSOWIK, J., dissenting.**

**{¶ 16}** The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error that is neither jurisdictional nor constitutional. *State v. Riley,* 2025-Ohio-2439, ¶ 7 (5th Dist.), quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). Contrary to appellant's arguments before this court, it is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. *State v. Roberts*, 2013-Ohio-4580, ¶ 104.

8.

{¶ 17} As such, a trial court's failure to comply with Crim.R. 32(A)(1) is not always a prejudicial error, and remand for resentencing is not required if the error is harmless. *State v. Reese*, 2018-Ohio-2981, ¶ 38 (6th Dist.).

{¶ 18} Because it is my opinion that the error is harmless in this case, I would dissent from the majority opinion for the following reasons.

{¶ 19} We have noted that there are no bright-line rules for determining whether a violation of Crim.R. 32(A)(1) is harmless. *Id*. Nevertheless, this court has found harmless error when counsel speaks, even if the defendant is not given the opportunity to do so, and the defendant receives a minimal sentence or a statutorily-mandated sentence. See, e.g., *State v. Everson*, 2018-Ohio-323, (6th Dist.) (defendant's attorney spoke and the judge imposed a "fairly lenient" sentence).

{¶ 20} Harmless error is any error, defect, irregularity, or variance that does not affect substantial rights. *City of Toledo v. Reese*, 2018-Ohio-2981, ¶ 39 (6th Dist.).

{¶ 21} Essentially, the less likely it is that the defendant's allocution would have affected the outcome of the case, the more likely the courts are to find that a Crim.R. 32(A)(1) violation was harmless. *State v. Anderson*, 2024-Ohio-4735, ¶ 4 (9th Dist.), *appeal not allowed*, 2025-Ohio-231, ¶ 4.

{¶ 22} Here, the record establishes that Walker was initially charged with a violation of R.C. 2913.31(A)(3), a felony of the fifth degree, Forgery, punishable by a definite prison term of six, seven, eight, nine, ten, eleven, or twelve months. R.C.

9.

2929.14(A)(5). That charge would also subject Walker to a financial sanction of not more than $2,500. R.C. 2929.18.

{¶ 23} Ultimately, the charge was amended to Attempted Forgery, thereby making the offense a first-degree misdemeanor, subject to a maximum sentence of six months' incarceration and a $1,000 fine. R.C. 2923.02(E) (1); R.C. 2929.24(A)(1); R.C. 2929.28(A)(2)(i).

{¶ 24} The record establishes that at the time of his plea, Walker was being held in the Wood County jail not only in this case but because he was on post-release control from another county, according to representations made to the court by his counsel at his sentencing.

{¶ 25} At that time, Walker's counsel stated:

> Your Honor. I'm going to ask the court to consider imposing no jail time and give Mr. Walker credit for time served. He is on post release control. His parole officer is aware of this. They have violated him. So he is facing a nine month incarceration term at Lorraine Correctional Facility…… And Mr. Walker has indicated that the parole board will not allow him to begin that nine month term until he completes any sentence ordered in this case. So I would ask the court to perhaps consider no jail time or a lesser sentence.

{¶ 26} Other than these statements from counsel, the record from the Perrysburg Municipal Court in this case is barren of any information containing Walker's prior record or his parole status. Nevertheless, Walker himself pointed out to his attorney that his parole was being violated and he was being sent to prison to serve a nine-month period of imprisonment.

10.

{¶ 27} The State requested a 45-day period of incarceration at the sentencing hearing.

{¶ 28} Walker was sentenced to 90 days and suspended 60 of those days with the remainder of the 30 days to be served, with credit six days in custody. He was also given a fine of $150, and court costs in the aggregate amount of $70.

{¶ 29} Walker argues that he was prejudiced by the trial court's failure to ask him to speak in mitigation prior to the imposition of sentence in this case. He claims that he could have pled for leniency, express remorse and that his statements could further "humanize" him before the sentencing court.

{¶ 30} However, given his prior incarceration in the state penal system and being on post-release control at the time of this offense, I cannot say it can be presumed that Walker's missed opportunity for allocution would have made a difference in his sentence.

{¶ 31} In this case, the trial court also had in its possession the charging instrument. He was not charged by indictment but rather a Probable Cause Affidavit filed by the arresting Officer in the Perrysburg Municipal Court.

{¶ 32} That affidavit alleges that Walker attempted to "conduct a scam inside of Walmart, producing a receipt for a vacuum that did not match the serial number on the boxed merchandise."

{¶ 33} When officers stopped the vehicle in which Walker was a passenger, he identified himself as "Hugh Lynssey Walker" with a DOB of 4-27-1989. Gary Walker's true identity was determined through fingerprint confirmation. The center console of the

11.

car contained six Ohio Interim Documentation documents, along with checks inside of the folded documents. These documents indicated false identification of six named individuals.  Each of these documents had Gary D. Walker's photograph on them, along with the fraudulent identifying information.

{¶ 34} I am not of the belief that Walker's lack of allocution resulted in any prejudice to him in his sentencing in this case.  It is possible but it would only be speculative that he could weave a charming, even whimsical tale as to how his photograph innocently appeared on the following six documents in his possession at the time of his arrest (while being on post-release control under the supervision of the Adult Parole Authority):

Ohio Interim Documentation
Jermaine Axxxxx, DOB 4-9-XX, RVXXXXXX, 5XX Poplar Street Sandusky OH 44870

Ohio Interim Documentation
Victor Wxxxx, DOB 8-10-XX, SHXXXXXX, 4XX Cove Sandusky OH 44870

Ohio Interim Documentation
Jermaine Bxxxx, DOB 6-10-XXXX, SHXXXXXX, 5XX Poplar Street Sandusky OH 44870

Ohio Interim Documentation
Jermaine Txxxxx, DOB 4-9-XX, RVXXXXXX, 5XX Poplar Street Sandusky OH 44870.

Ohio Interim Documentation
Tyrone Hxxxxxx, DOB 6-9-XXXX, RVXXXXXXX, 4XX Cove Sandusky OH 44870

Ohio Interim Documentation
Thomas Bxxxxx, DOB 6-10-XXXX, RVXXXXXX, 4XX Cove Sandusky OH 44870

12.

**{¶ 35}** Appellant has not proffered any potential statement in mitigation concerning what he would have articulated in response to these facts before the trial court that would have mitigated the 30 day sentence and $150 fine and court costs. Walker's prior history and the reduced charge in this case were facts before the trial court. Facts are stubborn things[1]. Viewed from this perspective, any error that resulted from the trial court's failure to allow Walker allocution in this case is harmless. Hence, I would affirm the decision of the trial court.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt

---

[1] John Adams, 2nd President of the U.S., Argument in Defense of the Soldiers in the Boston Massacre Trials: the Trial of William Wemms, James Hartegan, William M'Cauley, and others for the Murder of Crispus Attucks and others in the Superior Court of Judicature, Court of Assize, and General Goal Delivery (December 4, 1770)("Facts are stubborn things; and whatever may be our wishes, our inclinations, or the dictates of our passions, they cannot alter the state of facts and evidence."), *in* Nat'l Archives Online, https://founders.archives.gov/documents/Adams/05-03-020001-0004-0016.